IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES EDWARD COOLEY, JR., )<br>#230863, )<br> )<br>      Petitioner, )<br> )<br>v. )<br> )<br>CHERYL PRICE, *et al.*, )<br> )<br>      Respondents. ) | Civil Action No. 2:13cv875-TMH<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed on or about December 2, 2013, by Charles Edward Cooley, Jr. ("Cooley"), a state inmate at Donaldson Correctional Facility in Bessemer, Alabama. (Doc. No. 1.) In his petition, Cooley challenges his May 2009 convictions in the Circuit Court of Mobile County, Alabama, on charges of attempted murder and assault in the first degree. Cooley was sentenced to life in prison.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) provides, in pertinent part, that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Thus, under 28 U.S.C. 2241(d), the sentencing district and the custody district have jurisdiction to hear habeas challenges to state convictions, but a district where the prisoner was not convicted and sentenced or is not currently incarcerated does not. The Middle District of Alabama has no connection to Cooley's conviction or place of current incarceration. Therefore, the Middle District of Alabama does not have jurisdiction to consider this § 2254 petition.

Title 28 U.S.C. § 1631 authorizes, in the interest of justice, the transfer of a case from a district that cannot exercise jurisdiction to a jurisdiction that can. This court finds that transfer to the United States District Court for the Southern District of Alabama, which encompasses Mobile County, is appropriate in Cooley's case. Cooley was convicted in that district, which has a more significant interest than the Northern District of Alabama (where Cooley is incarcerated at the Donaldson Correctional Facility in Bessemer) in reviewing matters pertaining to Cooley's conviction and sentence.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1631.

It is further

---

[1] Decisions on Cooley's application for *in forma pauperis* status (Doc. No. 2) and motion for appointment of counsel (Doc. No. 3) are reserved for ruling by the United States District Court for the Southern District of Alabama.

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before February 25, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as bindin precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE